In the United States District Court
for the District of Puerto Rico

-------------------------------------------------x
United States of America,

         -against-                        Ind. No. 17-61(PG/DPJ)

Ervin Cruz-Chevere,
               Defendant.
-------------------------------------------------x

*Sentencing Memorandum*

Ervin Cruz-Chevere ("Ervin" or "Mr. Chevere") is a twenty-three year old who has a plan for his life upon release from custody: (i) to return to work at "Boricua Gas" – a service station owned by his uncle, where he has worked since he was sixteen years old; and (ii) to accumulate enough funds to open a barbershop – a vocation he has taught himself and which he enjoys. *See* PSR ¶57-58. In addition to his aspirations for employment and a modest business, returning to Puerto Rico and his family is the dominant theme in his life. This is particularly important given the destruction from hurricane Maria.

Ervin has three young children – infants between the ages of one and three – for whom he has voluntarily provided support, and who he hopes to provide for in the future. I can think of no greater motivation for a father than the welfare and providing for his young children.

The most significant person in Ervin's life has been his grandfather, Jose Valderrama, who died in the aftermath of hurricane Maria. The passing of the person whom he lived with and who was a father-figure – at a time when Ervin was incarcerated and could not attend the funeral – has been a deeply awakening experience. The ravage of hurricane Maria has also displaced Ervin's children into temporary housing with various family members.

Having a plan for his life upon release is the first step in finding his moral compass and avoiding future recidivism. That plan will not only stabilize his life, but allow him to stabilize the lives of his children.

Ervin is the product of parents incapable of providing him guidance or stability, *see* PSR ¶ 46, yet he is young enough that he can hope to fashion a modest yet honest life in his native Puerto Rico. Raised by his maternal aunt, Tomasa Yvette Chevere, Ervin has avoided a principal cause of criminality and recidivism, he is drug free. Given the parental neglect and the reality of his abandonment by his parents – his father has never occupied any part of his life, and his mother was a cocaine abuser who repeatedly abandoned him and his siblings – it is miracle that he does not evidence a narcotics dependency. *See* PSR ¶ 54. Given the reality of narcotics abuse – and its relationship to criminality – this bodes well for Ervin's future.

We recognize the need for the Court to fashion a sentence that fulfills the statutory goals of the Sentencing Reform Act. We respectfully suggest that in the context of his limited criminality and his history, but particularly in light of his plans and aspirations for his future, there is

every reason to believe that a sentence within the advisory Guidelines is amply sufficient.

The offense in this case is not alleged to be connected to any other or greater criminality. Thus the need to fashion a longer sentence is absent.

Given his relatively young age (23), his future plans for employment and support of his family, as well as his demonstrated history of providing for his children, there is every reason to believe that a sentence at the low end of the advisory Guidelines is sufficient to provide punishment and deterrence. A sentence at the bottom of the advisory Guidelines (27-33 months in CHC II), coupled with the period of supervision to be imposed by the Court thereafter (up to three years), provides the Court ample opportunity to insure Ervin will not recidivate. With gainful employment, a focus on his children and family, and the incentive provided through supervision, Mr. Chevere should not recidivate.

In my submission in the case of *United States v. Christian Colon-Perez*, 16-668, we provided the Court arguments against the perceived need for additional punishment in furtherance of deterrence. We respectfully submit those arguments apply with equal force in the case of Ervin Cruz-Chevere.

In light of the information before the Court, the history of Mr. Chevere, and the applicable advisory Guidelines, we respectfully request a sentence of 27 months' incarceration.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 3rd day of November, 2017.

**ERIC A. VOS**
**Federal Public Defender**
**District of Puerto Rico**

*/s/ Francisco E. Celedonio*
FRANCISCO E. CELEDONIO
Assistant Federal Public Defender
USDC G02114
241 F.D. Roosevelt Avenue
San Juan, PR 00918-2305
Phone No. (787) 281-2441
Francisco_Celedonio@fd.org